## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

WILLIE LAWSON,

     Petitioner

v.                                     Case No.

WARDEN FCC
COLEMAN – USP II

     Respondent.

_____/

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Petitioner Willie Lawson files this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. As explained more fully below, due to repeated miscalculations by the Bureau of Prisons ("BOP") of Mr. Lawson's good conduct credit and release date, ***Mr. Lawson is presently being held at FCC Coleman – USP II past the date on which he would no longer being incarcered if his release date were accurately calculated.*** Mr. Lawson has exhausted his administrative remedies and pursued every remedy available to him, and has not been able to obtain relief. For these reasons, ***it is respectfully requested that the Court consider this habeas petition on an expedited basis and order Mr. Lawson's release without delay***.

## I.    Personal Information

1.    Name

(a)   Full name:  Willie Lawson

(b)   Other names used:  N/A

2.    Place of confinement

(a)   Name of institution:  FCC Coleman – USP II

(b) Address:    846 NE 54th Terrace
                Sumterville, Florida 33521

3.    Basis of confinement: Mr. Lawson is being detained on federal authority.

4.    Status of confinement:  Mr. Lawson is serving a sentence of incarceration after having been convicted of federal criminal offenses in three separate cases in three districts:

<u>Case 1</u>

(a)   Name and location of sentencing court: United States District Court for the Eastern District of Virginia (Alexandria Division)

(b)   Docket number: 1:02-cr-00302-GBL-1

(c)   Date of sentencing: October 11, 2002

<u>Case 2</u>

(a)   Name and location of sentencing court: United States District Court for the District of Maryland (Greenbelt Division)

(b)   Docket number: 8:02-cr-00215-TDC

(c)  Date of sentencing: July 7, 2003

Case 3

(a)  Name and location of sentencing court: United States District Court for the District of Columbia

(b)  Docket number: 1:03-cr-00282-JDB

(c)  Date of sentencing: May 12, 2004

**II.  Decision Being Challenged**

5.  Decision being challenged in this petition:  Mr. Lawson challenges in this petition the calculation by the Bureau of Prisons (BOP) of his release date, and specifically, the application of good conduct time to his respective sentences.

6.  Additional information about the decision being challenged:

(a)  Name and location of the agency: Bureau of Prisons, Washington, D.C.

(b)  Case number: 1147261-A3

(c)  Decision being challenged: The decision being challenged is the BOP's denial of Mr. Lawson's appeal of his administrative remedy request regarding the computation of his release date and the manner in which his good conduct time credits have been calculated.

(d)  Date of the decision: August 11, 2023

### III.    Earlier Challenges of the Decision

7.    **First Appeal**: Mr. Lawson submitted a request for administrative remedy regarding the calculation of his release date and the application of good conduct time credits to his respective sentences.  Following the denial of his request and his further appeals, he submitted an Administrative Remedy Appeal to the Central Office of the Bureau of Prisons.  The appeal was submitted on April 25, 2023, and received by the BOP Central Office on May 4, 2023.  The appeal was initially rejected due to an incorrect number of copies being provided.  It was resubmitted on June 6, 2023, and received for a second time by the BOP Central Office on June 12, 2023.  The appeal was assigned Case No. 1147261-A3.  Mr. Lawson requested the recalculation of his release date and correction of the application of good conduct time credits to his sentence.  The Central Office of the Bureau of Prisons denied his appeal on August 11, 2023.  A copy of the BOP Central Office's Response to Mr. Lawson's appeal, which attaches Mr. Lawson's appeal to the Central Office, is attached as Exhibit A to this Petition. Copies of Mr. Lawson's submissions and the BOP's responses at each stage of the process of exhaustion of administrative remedies are attached as Exhibit B to this Petition.

8.    **Request for relief from the United States District Court for the District of Maryland:**  As is described more fully below, Mr. Lawson's compassionate

release motion in his District of Maryland case was granted on May 21, 2021, and Mr. Lawson's sentence in that case was reduced to "time served." A copy of the compassionate release order in Mr. Lawson's District of Maryland case is attached as Exhibit C to this Petition. On March 23, 2023, Mr. Lawson submitted in the District of Maryland case a request that the Court instruct the Bureau of Prisons to immediately release him in order to effectuate the Court's intent in reducing his sentence to time served and the First Step Act's amendments to the 18 U.S.C. Section 3624(b), regarding the calculation of good conduct time credits. Mr. Lawson's March 23, 2023 motion in the District of Maryland case, including attachments, is attached as Exhibit D to this Petition. On October 24, 2023, the Maryland district court construed Mr. Lawson's motion as a supplemental motion for compassionate release and denied the motion, stating that any relief should be sought in the District of Columbia. A copy of the order in Mr. Lawson's District of Maryland case denying his motion for immediate release is attached as Exhibit E to this Petition.

9. **Compassionate release motion in the United States District Court for the District of Columbia:** Following the granting of Mr. Lawson's compassionate release motion in his District of Maryland case, on December 2, 2021, Mr. Lawson filed a motion for compassionate release in his District of Columbia case. A copy of Mr. Lawson's compassionate release motion in the District of

Columbia case, with the pertinent exhibits only,  is attached as Exhibit F to this Petition.  Mr. Lawson's District of Columbia compassionate release motion was based in part on the BOP's miscalculation of Mr. Lawson's release date. Exhibits G, H, I, J, L, and L to this Petition are additional filings relating to that issue that were filed in connection with the compassionate release motion in the District of Columbia case.  On July 11, 2022, the district court in the District of Columbia entered an order denying Mr. Lawson's compassionate release motion.  A copy of the compassionate release order in Mr. Lawson's District of Columbia case is attached as Exhibit M to this Petition.  The district court in the District of Columbia held it was without jurisdiction to consider Mr. Lawson's argument regarding the calculation of his release date, stating that this argument could be raised only in a petition for a writ of habeas corpus under 28 U.S.C. Section 2241.  Ex. K at 27.

10. **No other proceedings:** Other than the proceedings described above, Mr. Lawson has not filed any other petition, application, or motion about the issues raised in this Petition.

## IV.    Grounds for Challenge of the BOP's Decision

**Ground One:**  The BOP's miscalculation of Mr. Lawson's release date and incorrect application of good conduct time to his sentences has resulted in Mr. Lawson remaining in custody past the date he would have been released would be if

his sentence was properly computed, in violation of the Constitution and laws of the United States.

### A.    Supporting Facts

#### 1.    Mr. Lawson's three convictions and sentences

Mr. Lawson's custody arises from his convictions and sentences in three cases in three different districts.  Each of these cases is discussed in turn below.

##### a.    Eastern District of Virginia

On October 11, 2002, the Honorable Gerald Lee of the Eastern District of Virginia sentenced Mr. Lawson on one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); one count of conspiracy to commit armed bank robbery; and one count of brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1).  Judge Lee imposed concurrent 57-month sentences on the conspiracy and armed robbery counts, followed by a mandatory consecutive 84-month sentence on the brandishing count, for a total of 141 months in prison.  *United States v. Lawson*, 1:02-cr-302-GBL (E.D. Va. Oct. 11, 2002), Doc. 37.

##### b.    District of Maryland

Mr. Lawson was sentenced on July 7, 2003, by the Honorable Alexander Williams of the District of Maryland on two counts of armed bank robbery, one count of conspiracy to commit armed bank robbery, and two counts of using or

carrying a firearm in connection with a crime of violence.  Judge Williams imposed an 84-month sentence on armed robbery counts, a concurrent 60-month sentence on the conspiracy count, and two consecutive 25-year sentences on the Section 924(c) charges, for a total of 57 years in prison.  *United States v. Lawson*, Crim. No. AW-02-215 (D. Md. July 7, 2003).

### c.    District of Columbia

In the District of Columbia case, Mr. Lawson was convicted of one count of armed bank robbery and one count of brandishing a firearm in connection with a crime of violence.  On May 12, 2004, the Honorable John D. Bates  sentenced Mr. Lawson to 140 months on the armed bank robbery charge, to be served concurrently with the sentences Mr. Lawson had already received in the Eastern District of Virginia and the District of Maryland, and 84 months on the Section 924(c) charge, to run consecutively to each of the other sentences that had been imposed on Mr. Lawson.

### 2.    The reduction of Mr. Lawson's sentence in the District of Maryland case to time served.

On May 21, 2021, the Honorable Theodore D. Chuang granted Mr. Lawson's compassionate release motion in his District of Maryland case.  Judge Chuang found that extraordinary and compelling reasons for a sentence reduction existed in Mr. Lawson's case due to the "gross disparity" between the 684-month sentence that had been imposed on Mr. Lawson as a result of his consecutive Section 924(c) sentences

and the type of sentence Mr. Lawson would likely have received under current sentencing law and policy.  Ex. C at 5.  Judge Chuang recognized that after the completion of Mr. Lawson's sentence on his District of Maryland case, he would have only the seven-year sentence in the District of Columbia case remaining.  He ordered that Mr. Lawson's sentence be reduced to "time served."  *Id.*

### 3.    Mr. Lawson's compassionate release litigation in the District of Columbia.

Following the entry of the Order granting Mr. Lawson's compassionate release motion in the District of Maryland, Mr. Lawson, through counsel, filed a compassionate release motion in the District of Columbia.  Ex. F.  Because one of the grounds for compassionate release raised in that motion was the BOP's inconsistent calculations of Mr. Lawson's release date, that portion of the motion is discussed here.

As noted above, Judge Chuang had recognized that upon the reduction of Mr. Lawson's District of Maryland sentence to "time served," Mr. Lawson would have only the seven-year District of Columbia sentence left.  Ex. C at 8.  The compassionate release motion filed in the District of Columbia explained that since the entry of the "time served" order in the District of Maryland, the BOP had made a series of inconsistent and erroneous calculations of Mr. Lawson's release date.

First, on May 25, 2021, the BOP prepared a new sentence computation that showed Mr. Lawson had the seven-year District of Columbia sentence remaining,

but failed to credit Mr. Lawson with even a single day of good conduct time.  Ex. F at 26 & Ex. 7.  The May 2021 sentence computation provided a projected release date for Mr. Lawson of May 8, 2027.  Ex. F at 26 Ex. 7 at 2.

A few months later, on October 26, 2021, the BOP prepared another new sentence computation, this one crediting Mr. Lawson for 877 days of good conduct time he had already earned and projecting that he would receive a total of 1405 days of good conduct time.  Ex. F at 26 & Ex. 8 at 6.  However, the October 2021 sentence computation calculated Mr. Lawson's remaining sentence as 10 years.  Ex. F at 26-27 & Ex. 8 at 5-6.  As a result, the October 2021 sentence computation provided a projected release date, with good conduct time taken into account, of March 15, 2027.  Ex. F at 26 Ex. 8 at 6.

In the government's response to Mr. Lawson's compassionate release motion in the District of Columbia, the United States took the position that a compassionate release motion was not the appropriate vehicle to address the issues related to the BOP's calculation of Mr. Lawson's release date.  Ex. G at 29-30.  Instead, the government asserted, "Because defendant asserts that the BOP has unlawfully executed his sentence – by incorrectly calculating and applying his good-conduct time – the BOP is the appropriate respondent for such a claim on a § 2241 motion."  *Id.* at 30.  The government attached to its response yet another sentence calculation for Mr. Lawson, this one dated January 10, 2022.  Ex. G at Ex. A at 1.  Like the

October 2021 sentence computation, the January 2022 sentence computation treated Mr. Lawson's remaining seven-year sentence as a ten-year sentence.  Ex. G at Ex. A at 4.  It provided a different estimated release date, however, of April 13, 2027. *Id.* at 6.

After the government filed its response to Mr. Lawson's compassionate release motion, Judge Bates ordered the government to address the amount of time the BOP computed Mr. Lawson had left to serve, how the BOP had calculated it, and whether the good conduct time Mr. Lawson had accrued prior to the "time served" order would still be applied to his release date.  Ex. H.

In response to Judge Bates' order, the government filed a Declaration from Angela Kelly, a Correctional Programs Specialist at the BOP's Designation and Sentence Computation Center.  Ex. I at Ex. 1.  Ms. Kelly provided additional explanation regarding the manner in which the BOP had reached its sentence computation.  *Id.*  She explained that, pursuant to the pertinent BOP Program Statement, Mr. Lawson was deemed to have begun serving his 141-month Eastern District of Virginia sentence on the day it was imposed, October 11, 2002.  *Id.* ¶¶ 4, 5.  Mr. Lawson's District of Maryland sentence, imposed on July 7, 2003, was initially a 684-month consecutive term of imprisonment.  *Id.* ¶¶ 6, 7.  Ms. Kelly further explained that, pursuant to 18 U.S.C. Section 3584(c), the BOP aggregates multiple sentences into a single aggregate term of imprisonment.  *Id.* ¶ 8.

Additionally, following the First Step Act's amendment of 18 U.S.C. Section 3624(b), inmates are entitled to earn 54 days of good conduct time for each year of the sentence imposed by the court. *Id.* ¶ 9. Ms. Kelly explained that under the applicable statute and BOP policy, good conduct time does not vest until the conclusion of the prisoner's term, and may be disallowed or forfeited at any time during the prisoner's sentence. *Id.* Ms. Kelly stated that in Mr. Lawson's case, disciplinary sanctions have resulted in the loss of 176 days of good conduct time.[1] *Id.*

Ms. Kelly stated after Mr. Lawson received his "time served" sentence, the BOP recalculated the time allocated to Mr. Lawson's Eastern District of Virginia and District of Maryland sentences by adding to the time Mr. Lawson had actually served on those sentences 186 days of jail credit and 1005 days of good conduct time.[2] Ex. I at Ex. 1 ¶ 12, a-c. The BOP treated this combined total as a "term in

---

[1]As described more fully below, there are a number of inconsistencies in the BOP computations that have been provided to Mr. Lawson. These inconsistencies include the tracking of the days of good conduct time Mr. Lawson has lost, which may account in part for some of the inconsistencies in the BOP's various calculation of Mr. Lawson's sentence. Mr. Lawson believes that Ms. Kelly's statement that he has lost a total of 176 days of good conduct time is accurate. It is his understanding that certain BOP documents reflecting a greater total than that result from double counting, with the same loss of good conduct time being counted against more than one sentence.

[2]In this calculation, the BOP allocated all of Mr. Lawson's jail credit and good conduct time – including good conduct time he had not yet earned, Ex. I at Ex. 1 ¶ 14 – to his "time served" sentence even though: (1) as stated in Ms. Kelly's Declaration, under 18 U.S.C. Section 3585(a) and BOP sentencing computation policy, Mr. Lawson's first

effect" of 21 years, 10 months, and 14 days allocated to the combined total of the Eastern District of Virginia and District of Maryland sentences. *Id.* at ¶ 12, c. It then added Mr. Lawson's 7-year District of Columbia sentence to that "term in effect," resulting in what it deemed to be a "total term in effect" of 28 years, 10 months, and 14 days, *id.* at ¶ 12, d – that is, approximately ten years longer than the term of incarceration Mr. Lawson had actually served when the "time served" sentence was imposed. The BOP reached its anticipated release date of May 8, 2027, by applying against that "total term in effect" of 28 years, 10 months, and 14 days, the 186 days of presentence jail credit Mr. Lawson served, and 1383 days of good conduct time, calculated by assuming Mr. Lawson will receive the maximum 54 days of good conduct time per year, less the 176 days of good conduct time that has been disallowed for disciplinary reasons. *Id.* at ¶ 14 & Att. 14.

The Declaration attached several supporting documents, including still another sentence computation, dated March 25, 2022. Ex. I at Ex. 1, Att. 14. Consistent with the "term in effect" calculation described in the Declaration, the March 2022 sentence computation continued to treat Mr. Lawson's remaining

---

sentence was deemed to have commenced on the date the sentence was imposed, Ex. I at Ex. 1 ¶ 5; and (2) as also stated in Ms. Kelly's Declaration, under 18 U.S.C. Section 3624 and BOP policy, good conduct time is forfeitable and does not vest until the conclusion of the prisoner's sentence. Ex. I at Ex. 1 ¶ 9.

seven-year sentence as a ten-year sentence. *See id.* at 5.   It also provided May 8, 2027, as a projected release date. *Id.*

Along with the BOP Declaration, the government filed a statement of its position regarding Mr. Lawson's sentence calculation. Ex. J.  The government acknowledged that "there is no BOP program statement or statute addressing the way in which the BOP must calculate and apply an inmate's [good conduct time] where, as here, the inmate has served sufficient time to complete one sentence, secured compassionate release from a second sentence and received a sentence of 'time served,' and must still serve [a] third sentence." Ex. J at 2.

Mr. Lawson, through counsel, responded to the government's filings. Ex. I. Mr. Lawson pointed out that since Mr. Lawson's compassionate release motion had been granted in the District of Maryland case, the BOP had calculated Mr. Lawson's anticipated release date four different times and provided a different result each time. *Id.* at 1-2.  As explained, the BOP had reached these results in part by allocating Mr. Lawson's anticipated good conduct time credits at the time the order granting his "time served" sentence was entered to the "time served" sentence, including good conduct time Mr. Lawson had not yet earned at that time.  *Id.* at 3-4.  Mr. Lawson asserted that, properly calculated, the release date for his remaining seven-year sentence should be no later than the date seven years from the date the "time served" order was entered in his District of Maryland case, less the total of the good conduct

time credits he had already earned and would be eligible to earn during his service of that sentence.  *Id.* at 4.  Specifically, Mr. Lawson through counsel contended that his projected release date should be no later than July 21, 2024.[3]  *Id.*

On July 11, 2022, Judge Bates entered an order denying Mr. Lawson's District of Columbia compassionate release motion.  Ex. L.  Judge Bates recognized that the BOP's computation methodology did not make sense in the context of a case like Mr. Lawson's where a defendant receives a "time served" sentence and still has a remaining sentence to serve.  *Id.* at 26-27.  The district court denied relief on the motion, however, identifying two reasons for doing so.  First, the court stated, "a federal prisoner arguing that he is being or will be incarcerated longer than is authorized by law has only one available procedural mechanism for raising such a claim: a petition for a writ of habeas corpus under 28 U.S.C. § 2241."  *Id.* at 27.  The court noted its agreement with Mr. Lawson's arguments regarding the unfairness of the BOP's calculation methodology, but stated that "the Court is unwilling to grant compassionate release on the basis of a computation's 'unfairness' when the defendant has not yet pursued habeas relief or engaged in meaningful dialogue with BOP regarding his objections."  *Id.* at 28-29.  The court noted that the "lack of meaningful engagement" regarding the accurate computation of Mr. Lawson's

---

[3] As explained below, this computation does not account for Mr. Lawson's jail credit or the good conduct time on his jail credit; when those figures are accounted for, Mr. Lawson's release date when accurately calculated is almost seven months earlier.

sentence was "BOP's fault, not Lawson's." *Id.* at 29 n. 27.  As the court explained, Mr. Lawson had represented to the court "that he has been trying to address this issue with BOP since the October 26, 2021 computation," but that it was only with the district court's "intervention that Lawson has finally received a straight answer from BOP explaining his sentence computation." *Id.*  The court stated, "Now that BOP's rationale is clearer, the Court expects Lawson to continue pursuing internal resolution and, more importantly, it expects BOP to meaningfully engage with Lawson's (and the Court's) concerns in good faith." *Id.*  It further stated, "The Court has expressed its expectation that BOP will meaningfully engage with Lawson's – and the Court's – concerns in good faith, and, as noted above, Lawson has at least a plausible claim for habeas relief." *Id.* at 30-31.

### 4. Mr. Lawson's request for further relief in the District of Maryland.

Following the compassionate release denial from the district court in the District of Columbia, Mr. Lawson sought further relief in the District of Maryland. Ex. D.  Mr. Lawson explained that following the grant of compassionate release, the BOP had calculated his remaining seven-year sentence to be ten years, one month, and fourteen days.  *Id.* at 1.  Mr. Lawson's request attached multiple sentence calculations performed by the BOP following his grant of compassionate release, none of which arrived at consistent results.  *Id.* at Attachments 1-4.  The request for relief also attached two good conduct time calculation records.  *Id.* at Attachments

16

5-6.  The first calculation, dated September 1, 2021, reflected that Mr. Lawson had earned 877 days of good conduct time credit, while the second one, dated March 9, 2023, added only an additional 27 days, for a total of 904 days of good conduct time credit, despite the passage of a year and a half since the prior calculation.[4]  *Id.*

The district court treated Mr. Lawson's motion as a supplemental motion for compassionate release.  Ex. E.  It declined to address whether the BOP's calculation of Mr. Lawson's sentence was correct.  *Id.* at 3.  Instead, it held that, because Mr. Lawson is now serving the seven-year sentence imposed in the District of Columbia, any further relief would have to be requested from that court.  *Id.* at 3-4.

### 5.    Mr. Lawson's request for administrative remedy from the BOP.

Beginning in December 2022, Mr. Lawson pursued at every level his administrative remedies through the BOP requesting the recalculation of his sentence to properly allocate the good conduct time credits he is entitled to.  Ex. A, Ex. B.  The BOP denied Mr. Lawson's final Administrative Remedy Appeal to the BOP Central Office on August 11, 2023.  Ex. A.

The BOP did not provide a new sentence computation form in connection with its denial of Mr. Lawson's administrative remedy appeal.  Ex. A.  Nor does the appeal denial provide a date on which Mr. Lawson's full term will be deemed to

---

[4] As noted above, *supra*, note 1, the BOP's good conduct time records are inconsistent; however, the parties appear to agree that the total amount of good conduct time Mr. Lawson has lost is 176 days.

have expired or a projected release date. The BOP's explanation of its denial does include several figures, some of which are inconsistent with its prior sentence computations. The appeal denial states that: (1) the combined total amount of time Mr. Lawson served on the District of Maryland and District of Virginia sentences ran from October 11, 2002, through May 20, 2021, equating to 18 years, 7 months, and 10 days; (2) when the seven-year District of Columbia sentence is aggregated with those combined prior sentences, the resulting total aggregated sentence is 25 years, 7 months, and 10 days; and (3) a sentence of 25 years, 7 months, and 10 days results in Mr. Lawson's eligibility for 1,383 days of good conduct time. *Id.*

### 6.    Mr. Lawson's unexplained current anticipated release date

The most recent sentence computation calculation Mr. Lawson has been provided, Ex. D Att. 4, is dated March 9, 2023, and provides an anticipated release date for Mr. Lawson of May 8, 2027. At some point after Mr. Lawson received the denial of his administrative remedy appeal, Mr. Lawson's anticipated release date was changed to July 27, 2024, as reflected in the BOP's online Inmate Locator. *See* https://www.bop.gov/inmateloc/. Mr. Lawson has not been provided with an updated sentencing computation and it is unknown how the BOP derived that date.

The BOP has thus provided at least nine different computations of Mr. Lawson's sentence over the past 2½ years, which are summarized in the chart below:

| Exhibit | Ex. F Ex. 7 | Ex. D, Att. 5 | Ex. F Ex. 8 | Ex. G Ex. A | Ex. I, Att. 14 | Ex. D, Att. 4 | Ex. D, Att. 6 | Ex. A | No Document Provided |
|---|---|---|---|---|---|---|---|---|---|
| Date | 5/25/2021 | 9/1/2021 | 10/26/2021 | 1/10/2022 | 3/25/2022 | 3/9/2023 | 3/9/2023 | 8/11/2023 | Current |
| Proj. Rel. Date | 5/8/2027 | | 3/15/2027 | 4/13/2027 | 5/8/2027 | 5/8/2027 | 5/8/2027 | | 7/27/2024 |
| Prior Credit Time | 0 days | 186 days | | | | 186 days | 186 days | | |
| Total GCT earned | 0 days | 877 days | 877 days | 850 days | 850 days | 904 days | 904 days | | |
| Total GCT earned & projected | 378 days | 1405 days | 1405 days | 1378 days | 1383 days | 1383 days | 1383 days | 1383 days | |
| Total Term in Effect | 84 months | | 28 years, 9 months, 13 days | 28 years, 9 months, 15 days | 28 years, 10 months, 14 days | 28 years, 10 months, 14 days | | 25 years, 7 months, 10 days | |
| Time Served | 5 days | | 19 years, 6 months, 19 days | 19 years, 6 months, 3 days | 19 years, 11 months, 18 days | 20 years, 11 months, 2 days | | | |
| Full Term Date | 5/20/2028 | 1/18/2031 | 1/18/2031 | 1/20/2031 | 2/19/2031 | 2/19/2031 | 2/19/2031 | | |

As should be obvious from the multiple, inconsistent sentence computations the BOP has provided in Mr. Lawson's case, its sentencing calculations have been riddled with errors and inconsistencies. The BOP's new projected release date for Mr. Lawson is likewise inaccurately calculated. It is undisputed that, once Mr. Lawson's District of Maryland sentences were reduced to "time served" on May 21, 2021, Mr. Lawson's only remaining uncompleted sentence was the consecutive seven-year (84-month) District of Columbia sentence. The starting point for computing Mr. Lawson's sentence based on the BOP's calculations is the combined term of incarceration from October 11, 2002, through May 20, 2021, that was Mr. Lawson's "time served" on the Eastern District of Virginia and District of Maryland sentences. Using the BOP's own figures, that was 18 years, 7 months, and 10 days. If Mr. Lawson had no good conduct time and no jail credit, his release date following

the consecutive seven-year District of Columbia sentence would thus be May 20, 2028.  Consistent with this, the BOP's appeal denial states that adding the seven-year District of Columbia sentence to the time Mr. Lawson has served results in a total aggregate sentence of 25 years, 7 months, and 10 days.  Ex. A at 2.

The BOP's appeal denial states that on a total aggregate sentence of 25 years, 7 months, and 10 days, Mr. Lawson is eligible for 1383 days of good conduct time. *Id.*  As can be seen above, the same figure of 1383 days of good conduct time has also been used in the last several BOP sentence computations.  The BOP's appeal denial does not address, however, that in addition to the 1383 days of good conduct time on a time period of 25 years, 7 months, and 10 days,  Mr. Lawson is also entitled to: (1) 186 days (six months and six days) of jail credit, Ex. I Ex. 1 ¶ 15, and (2) 28 days of good conduct time for the time spent in jail prior to the imposition of his sentence.[5]  Taken together, Mr. Lawson's total jail credit and good conduct time equates to 1,597 days (1383 days + 186 days + 28 days).  Working backward from the full-term expiration date of May 20, 2028, the application of these credits results in a projected release date of January 5, 2024.

Thus, the BOP's current projected release date of July 27, 2024, is over six

---

[5] *See*, *e.g.*, *De La Cruz v. Zickefoose*, 2011 WL 2600719, at *1 (D.N.J. June 29, 2011), *aff'd*, 450 Fed. Appx. 123 (3d Cir. 2011) ("Because Petitioner earned jail credit starting on March 22, 2001, his good conduct time is calculated on March 21 of each subsequent year").

months past the date on which Mr. Lawson's term of incarceration should have ended.  Further, given the proximity of Mr. Lawson's correctly-calculated release date, if the BOP had not miscalculated Mr. Lawson's sentence, he would in the ordinary course have been released to a halfway house or home confinement months ago.  *See* 18 U.S.C. § 3624(c).  As of the date of filing this Petition, Mr. Lawson remains incarcerated at FCC Coleman – USP II.

Further, Mr. Lawson made an additional argument in his administrative remedy appeal that he specifically wishes to assert and preserve here.  That is, Mr. Lawson asserted in his administrative remedy appeal that Judge Cheung's compassionate release order in the in the District of Maryland case did not, as the BOP has treated it, *resentence* Mr. Lawson to a term of 10 years, one month, and 14 days.  Ex. A at 4.  Instead, Judge Cheung *reduced his sentence* from a term of 57 years to "time served."  *Id.*  Because Section 3624(b) provides that a prisoner may receive up to 54 days of good conduct credit for each year of the "sentence imposed by the court," Mr. Lawson asserts that he is entitled to good conduct time for the original 57-year sentence deemed satisfied by the reduced "time served" sentence. Ex. A at 4.  As described above, the government has acknowledged that no BOP rule or policy addresses the specific circumstances of Mr. Lawson's case.  Ex. J at 2.  Mr. Lawson states that he is not aware of any statute, BOP rule, or BOP policy providing that upon a grant of compassionate release, the calculation of good conduct time is

not based on the sentence originally imposed, and no such authority has been provided to him or cited in the responses to his BOP appeals or the other proceedings in which he has argued his sentence has been incorrectly computed. While the computation set forth above using the BOP's own good conduct time figures shows that Mr. Lawson should have a projected release date of January 5, 2024, if Mr. Lawson's contention that he should have received good conduct time for the entire originally-imposed sentence that was reduced to "time served" is correct, Mr. Lawson should have long since been released.

### B.    Presentation of Ground One in All Available Appeals

As Exhibits A and B to this Petition demonstrate, Mr. Lawson has presented Ground One in all appeals that are available to him.[6] Further, he has attempted to obtain relief regarding this ground from both the district courts in both Maryland and the District of Columbia. No avenues for relief remain available to Mr. Lawson other than the filing of this Petition.

---

[6] Due to the BOP's ever-changing computations of Mr. Lawson's sentence, Mr. Lawson has not administratively challenged the specific sentence computation set forth in Exhibit A. He could not have, as that was the first time the BOP has provided that particular sentence computation. Mr. Lawson has, however, challenged at each level the BOP's inaccurate computation of his good time credit and release date.

## V.    Request for Relief

It is therefore respectfully requested that the Court order Mr. Lawson's immediate release.

Respectfully Submitted,

/s/ *Katherine Earle Yanes*
Katherine Earle Yanes
  Florida Bar No. 0159727
KYNES, MARKMAN & FELMAN, P.A.
Post Office Box 3396
Tampa, FL 33601
(813) 229-1118
(813) 221-6750
KYanes@kmf-law.com
*Counsel for Petitioner Willie Lawson*

## DECLARATION UNDER PENALTY OF PERJURY[7]

I declare under penalty of perjury that I am the Petitioner, I have read this Petition, and the information in this Petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _____                              _____

                                                Willie Lawson

---

[7]Mr. Lawson has verbally authorized counsel to file the instant petition following his review and discussion of it with counsel, and counsel has requested that he mail the signed verification under penalty of perjury to counsel for filing. To avoid delay, the petition is being filed without waiting for receipt of the signed verification page and will be supplemented with it as soon as it is received.